# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re* **R.H.-1, W.H., and A.H.**

**No. 18-0350** (Wood County 16-JA-142, 143, and 144)

**FILED**

**October 19, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother R.H.-2, by counsel George M. Torres, appeals the Circuit Court of Wood County's March 6, 2018, order terminating her parental rights to R.H.-1, W.H., and A.H.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Robin S. Bonovitch, filed a response on behalf of the children in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating her rights rather than imposing a less-restrictive dispositional alternative and in granting her post-termination visitation on a temporary basis.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In September of 2016, the DHHR filed a petition alleging that petitioner and her husband were arrested after police located heroin, cocaine, three thousand dollars in cash, and a loaded handgun in petitioner's home. Additionally, the DHHR alleged that petitioner's children were in the home at the time of the raid and the firearm and drugs were within their reach. Petitioner waived her preliminary hearing.

The circuit court held an adjudicatory hearing in October of 2016 and petitioner stipulated to the allegations of abuse and neglect. Petitioner moved for a post-adjudicatory improvement period which the circuit court granted. Pursuant to the terms of the improvement

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990). Additionally, as a child and petitioner share the same initials, we refer to them as R.H.-1 and R.H.-2 respectfully.

period, petitioner was required to submit to a psychological and substance abuse evaluation, obtain and maintain suitable housing, refrain from any substance abuse and domestic violence, submit to random drug screening, and participate in supervised visitation and adult life skills classes.

The circuit court held a review hearing in December of 2016 and adopted the DHHR's recommended terms for the improvement period. Additionally, petitioner requested increased visitation with the children and that motion was granted, without objection, as long as petitioner continued to comply with the terms of the improvement period. In February of 2017, the circuit court held a review hearing. Petitioner's improvement period was continued. The circuit court held a review hearing in April of 2017 and petitioner's improvement period was continued.

In May of 2017, petitioner pled guilty to one count of delivery of a controlled substance in her criminal proceeding and was sentenced to a term of incarceration of one to fifteen years. The circuit court suspended this sentence in favor of probation; however, petitioner was incarcerated in order to participate in a diagnostic evaluation at the Lakin Correctional Facility. The circuit court held a dispositional hearing in June of 2017, but petitioner was still waiting for the diagnostic evaluation and was not transported to the hearing. Petitioner moved for a continuance and the circuit court granted petitioner's motion.

The circuit court held a second dispositional hearing in August of 2017 and the DHHR moved to terminate the parents' parental rights. Following the presentation of evidence, the circuit court found that petitioner did not fully comply with the services and was unable to address her substance abuse issues. Additionally, the circuit court found that petitioner's husband was unable to comply with services and remedy his substance abuse. Accordingly, the circuit court terminated the parental rights of both parents in its August 18, 2017, order. However, the circuit court later reconsidered its ruling in regard to petitioner. In a letter addressed to all parties, the circuit court reasoned that petitioner had undergone a change in circumstances and considered her period of "forced sobriety" while she waited for her diagnostic evaluation and her suspended sentence of incarceration. Therefore, the circuit court set aside its findings in relation to petitioner and granted her a six-month post-dispositional improvement period.

The circuit court held a review hearing in November of 2017 and the DHHR shared concerns that petitioner tested positive for controlled substances on three separate occasions. Additionally, the DHHR believed that petitioner was living in the garage of the residence where her children were currently living and that her husband was living with her. The DHHR admitted that petitioner was compliant with the required classes and supervised visitation. Ultimately, the circuit court continued petitioner's improvement period. In January of 2018, the circuit court held a second review hearing and the DHHR moved the circuit court to terminate petitioner's improvement period. The circuit court granted the motion and scheduled a dispositional hearing.

The circuit court held the final dispositional hearing in February of 2018. Petitioner admitted that she relapsed into heroin use since she was released from incarceration in August of 2017 on five different occasions. The most recent relapse was mid-February of 2018. Petitioner was incarcerated for seven days in December of 2017 as the result of one relapse. Petitioner further testified that she was scheduled to attend an in-patient drug treatment facility as a

2

condition of her probation. According to petitioner, the treatment program would last six to eight months. However, petitioner had yet to be accepted to a program and was unsure which program she would attend. Ultimately, the circuit court found petitioner did not successfully complete her improvement period due to her inability to overcome her substance abuse problem. The circuit court further found that continuation in petitioner's home was contrary to the welfare of the children because petitioner failed to remedy the deficiencies that led to the filing of the petition. Finally, the circuit court found that there was no reasonable likelihood the conditions of abuse and neglect could be substantially corrected in the near future. Accordingly, the circuit court terminated her parental rights in its March 6, 2018, order. The circuit court also granted petitioner temporary post-termination visitation with the children as long as the children desired to continue visitation. Petitioner now appeals that order.[2]

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, this Court finds no error in the proceedings below.

On appeal, petitioner argues that the circuit court erred in terminating her parental rights because the totality of the circumstances supported a finding that a less-restrictive dispositional alternative was warranted. Petitioner asserts that although she continued to relapse throughout her second improvement period, she suffered only from "one[-]day relapses" rather than periods of drug use. Petitioner argues that her perseverance shows that she could ultimately be an appropriate parent if given enough time. According to petitioner, the circuit court's decision to terminate her parental rights after eighteen months of attempted improvement was erroneous. We disagree.

---

[2]The father's parental rights were terminated in August of 2017. According to the parties, the permanency plan for the children is adoption in their current foster placement.

West Virginia Code § 49-4-604(b)(6) provides that a circuit court may terminate parental rights upon findings that "there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the welfare of the children. Additionally, West Virginia Code § 49-4-604(c)(3) provides that no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected exist when the "abusing parent . . . [has] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts[.]" Additionally, we have previously held that

> "[c]ourts are not required to exhaust every speculative possibility of parental improvement . . . where it appears that the welfare of the child will be seriously threatened, and this is particularly applicable to children under the age of three years who are more susceptible to illness, need consistent close interaction with fully committed adults, and are likely to have their emotional and physical development retarded by numerous placements." Syl. Pt. 1, in part, *In re R.J.M.,* 164 W.Va. 496, 266 S.E.2d 114 (1980).

*Cecil T.*, 228 W.Va. at 91, 717 S.E.2d at 875, Syl. Pt. 4.

Petitioner admitted throughout the case that she had a heroin abuse problem and admitted that her heroin use affected her ability to parent. Yet, petitioner could not remedy her substance abuse issue and continued to use heroin throughout her post-dispositional improvement period. Although petitioner states that she was only using for single days rather than period of extended drug use, the effect is the same. Heroin remains a dangerous part of her life that would threaten the welfare of the children if she were granted custody. As such, the circuit court did not err in terminating petitioner's parental rights because there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected. Further, the termination of petitioner's parental rights was necessary for the welfare of the children. Petitioner's previous heroin addiction led to dangerous criminal activity and left dangerous articles within the children's reach. Therefore it was in the children's best interest not to be returned to petitioner's care while she continued to abuse heroin.

Finally, we have also held as follows:

> "Termination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, W. Va.Code [§] 49-6-5 [now West Virginia Code § 49-4-604] . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under W. Va.Code [§] 49-6-5(b) [now West Virginia Code § 49-4-604(c)] . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W.Va. 558, 712 S.E.2d 55 (2011). It is clear from the record that the services provided to petitioner for eighteen months were ineffective in curbing petitioner's substance abuse. Therefore, we find no error with the circuit court's finding that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future. Accordingly, we find that petitioner is entitled to no relief.

4

Petitioner also argues that the circuit court erred in granting her "temporary" post-termination visitation. Petitioner asserts that the post-termination visitation should not be considered "temporary" due to the substantial bond that exists between her and the children. This argument, however, misstates the record, as our review shows that the circuit court granted post-termination visitation with no limitation. Following these visitations, the circuit court further ordered that the guardian discuss with the children whether they desired continued visitation.

> When parental rights are terminated due to neglect or abuse, the circuit court may nevertheless in appropriate cases consider whether continued visitation or other contact with the abusing parent is in the best interest of the child. Among other things, the circuit court should consider whether a close emotional bond has been established between parent and child and the child's wishes, if he or she is of appropriate maturity to make such request. The evidence must indicate that such visitation or continued contact would not be detrimental to the child's well being and would be in the child's best interest." Syl. Pt. 5, *In re Christina L.*, 194 W.Va. 446, 460 S.E.2d 692 (1995).

Syl. Pt. 11, *In re Daniel D.*, 211 W.Va. 79, 562 S.E.2d 147 (2002). The circuit court's order for "temporary" post-termination visitation is appropriate because it serves to satisfy the children's wishes and best interests. The circuit court's order appropriately considers the children's bond with petitioner and granted visitation to continue that bond. However, the circuit court's order also allows for change if the children later express that continued contact is a detriment to them, which is consistent with our prior holdings. On its face, the order provides permanent visitation, unless the children express a desire to cease visitation. Therefore, we find that the circuit court's order for post-termination visitation is appropriate and not erroneous in its application. Accordingly, petitioner is entitled to no relief.

For the foregoing reasons, we find no error in the decision of the circuit court, and its March 6, 2018, order is hereby affirmed.

Affirmed.

**ISSUED**: October 19, 2018

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Paul T. Farrell sitting by temporary assignment
Justice Tim Armstead
Justice Evan H. Jenkins

Justice Allen H. Loughry II suspended and therefore not participating.

5